# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JACINTO RIVERA-MENDOZA,<br><br>   Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C12-0123-LRR<br>No. CR10-0090-LRR<br><br>ORDER |

  This matter appears before the court on Jacinto Rivera-Mendoza's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). Jacinto Rivera-Mendoza ("the movant") filed such motion on December 10, 2012. Also before the court is the movant's motion to order the government to file an answer (civil docket no. 2), filed on January 30, 2013, and motion to amend (civil docket no. 5), filed on June 25, 2013.

  No response from the government is required because the 28 U.S.C. § 2255 motion and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Accordingly, the motion to order the government to file an answer (civil docket no. 2) shall be denied.

  Concerning the movant's motion to amend, the movant asks the court to consider an additional argument that is related to one of his original claims. Moreover, such argument is timely. *Cf. United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment). Therefore, it is appropriate for the court to consider the movant's additional argument. Accordingly, the movant's motion to amend (civil docket no. 5) shall be granted.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that trial counsel represented the movant in a manner that

exceeded constitutional requirements. As such, the court finds that there is no need for an evidentiary hearing.

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).

In his motion, the movant asserts that his constitutional rights were violated because trial counsel failed to file a motion to suppress, trial counsel failed to properly challenge the sentencing guidelines and argue for a sentence below the advisory guideline range, trial counsel failed to advise him about proceeding to trial, trial counsel failed to look into defenses that he might have, trial counsel failed to explain to him that the government would have to establish his guilt beyond a reasonable doubt and trial counsel coerced him into pleading guilty. All of those assertions are belied by the record, which includes but is not limited to: the search warrants (civil docket nos. 6 & 7), the third superseding indictment (criminal docket no. 135), the notice of intent to plead guilty (criminal docket no. 260), the rule 11 letter (criminal docket no. 273), the notice of consent to entry of a plea of guilty, (criminal docket no. 284), the change of plea transcript (criminal docket no. 527), the report and recommendation to accept guilty plea (criminal docket no. 286), the order accepting the report and recommendation (criminal docket no. 336), the pre-sentence investigation report (criminal docket no. 458), the sentencing memoranda (criminal docket nos. 474 & 475), the sentencing transcript (criminal docket no. 512) and the Eighth Circuit Court of Appeals' opinion (criminal docket no. 542).

In light of the record, the court makes the following findings. First, having considered the fact that the movant played a key role in a large conspiracy to distribute methamphetamine and the search warrant for his residence in Des Moines, the court finds

that no Fourth Amendment violation occurred. It is obvious that probable cause existed to search the movant's residence, and the movant's mistaken belief is not a valid basis to grant relief in this action. Second, the court finds that the movant knowingly and voluntarily pleaded guilty. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'"); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction); *see also United States v. Seay*, 620 F.3d 919, 921-23 (8th Cir. 2010) (making clear that a challenge based on a court's statutory or constitutional power to adjudicate a case survives a defendant's guilty plea). The record clearly establishes that the movant was not coerced, knew about the government's burden to establish his guilt beyond a reasonable doubt and did not believe a viable defense existed. The movant's current misgivings about pleading guilty and the sentence that was imposed in October of 2011 does not establish a constitutional violation. Third, the court finds that no sentencing error occurred because it appropriately applied the advisory sentencing guidelines and considered all of the factors under 18 U.S.C. § 3553(a). *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)). And, lastly, the court finds that the conduct of trial counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and trial counsel's performance did not prejudice the movant's defense, *id*. at 692-94. It is evident that trial counsel filed appropriate motions, rather than frivolous ones, explained the consequences of pleading guilty, challenged the application of the sentencing guidelines and argued for a lower sentence. All of the circumstances indicate that trial counsel made strategic decisions in light of the overwhelming evidence establishing the movant's participation in the drug conspiracy and the outcome of the proceedings would not have been different on account of anything trial counsel did or failed to do.

Based on the foregoing, the court finds that the denial of the movant's 28 U.S.C. § 2255 motion comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). Accordingly, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied. Because the court's resolution of the movant's claims is not debatable or wrong, a certificate of appealability under 28 U.S.C. § 2253 shall not issue.

**IT IS THEREFORE ORDERED**:
(1) The movant's motion to order the government to file an answer (civil docket no. 2) is denied.
(2) The movant's motion to amend (civil docket no. 5) is granted.
(3) The movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1) is denied.
(4) A certificate of appealability is denied.

**DATED** this 1st day of July, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA